IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CASEY E. HOLCOMB, | ) |
| | ) |
| Plaintiff, | )   CIVIL ACTION NO. 1:08cv60-WC |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Commissioner of Social Security's Motion to Remand pursuant to sentence four[1] of 42 U.S.C. § 405(g) (2000) and Federal Rule of Civil Procedure (FRCP) 58.  Def.'s Mot. Remand (Doc. #16).  The Commissioner states remand is necessary because the Administrative Law Judge ("ALJ") failed to "follow the 'special technique' for assessing claims of mental limitations" which is set forth in the Code of Federal Regulations at 20 C.F.R. § 416.920a(b) through (e).  *See Moore v. Barnhart*, 405 F.3d 1208, 1213-14

---

[1] Defendant's motion erroneously characterizes the Motion for Remand as made "pursuant to sentence six of section 205(g)."  (Doc. #16).  Sentence six of 42 U.S.C. § 405(g) "provides a federal court the power to remand the application for benefits to the Commissioner for the taking of additional evidence upon a showing 'that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  *Ingram v. Comm. of Social Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007)(*quoting* § 405(g)).  Defendant's request for remand, however, appears predicated on sentence four of § 405(g), which permits the Court to reverse and remand when the record of prior proceedings reveals error in the agency's determinations.  Indeed, Defendant's memorandum in support of the motion accurately requests a remand "under sentence four of 42 U.S.C. § 405(g)," (Doc. #17 at 2).  Accordingly, the Court construes Defendant's motion as one requesting remand pursuant to sentence four of § 405(g).

(11th Cir. 2005). The Commissioner asserts application of the "special technique" was required because "Plaintiff has obtained IQ scores lower than 70, which could implicate the listing for mental retardation found at 20 C.F.R. pt. 404, subpt. P, app. 1, § 12.05D (2008)." Def. Mem. Supp. Mot. Remand (Doc. #17) at 1. The Commissioner further indicates that, upon this Court's remand, the Appeals Council will remand this matter to the ALJ for additional record development, including obtaining a "mental status examination with psychological testing" and other consultative examinations, and application of the required "special technique." Defendant's Mem. Supp. Mot. Remand (Doc. #17) at 1.

This Court entered an order directing Plaintiff to show cause why the motion to remand should not be granted. Order (Doc. #18). Holcomb filed a Response on September 9, 2008, voicing no objection to Defendant's Motion to Remand. Plf.'s Response (Doc. #19) at 1.

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgement affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996); *see Carril v. Barnhart*, 201 F. Supp. 2d 1190, 1192 (N.D. Ala. 2002) (reversing the Commissioner's

decision and remanding the case for further proceedings, where the Commissioner's decision was not supported by substantial evidence).

In this case, the Commissioner acknowledges the ALJ failed to apply the correct standard in evaluating Plaintiff's claim, but that this error was not recognized by the Commissioner until the matter reached briefing in this Court. Def. Mem. Supp. Rem. (Doc. #17) at 2. The Commissioner also states remand is required to permit additional record development through obtaining records, psychological testing, and consultative examinations. The Court finds reversal and remand necessary here, as Defendant concedes proper application of governing law and further development of the record is required.

Upon consideration of the Motion (Doc. #16) and Holcomb's response (Doc. #19), it is

ORDERED that:

1. The Commissioner's Motion to Remand (Doc. #16) is GRANTED.

2. The decision of the Commissioner is REVERSED and REMANDED for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and for the reasons set forth in Defendant's Brief in Support of its Motion to Remand (Doc. #16, #17).

3. Upon receiving notice of any entitlement to past-due benefits, Plaintiff shall have sixty (60) days in which to seek attorney's fees under 42 U.S.C. §

406(b).[2]

A separate judgment will issue.

DONE this 11th day of September, 2008.

                                          /s/ Wallace Capel, Jr.
                                          WALLACE CAPEL, JR.
                                          UNITED STATES MAGISTRATE JUDGE

---

[2]    *See Blitch v. Astrue*, 261 Fed. Appx. 241, 242 n.1 (11th Cir. 2008).